FILED
JUN 2 4 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Bernadette S. Billy-Lera,  )   CASE NUMBER 1:05CV01273
   15910 Elf Stone Ct.  )
   Bowie, MD 20716  )   JUDGE: James Robertson
      Plaintiff  )   DECK TYPE: Employment Discrimination
        )
vs.  )   DATE STAMP: 06/24/2005
        )   Case No.
John W. Snow, Secretary  )   Plaintiff Requests
   US Department of the Treasury,  )   A Jury Trial
   1500 Pennsylvania Ave., NW  )
   Washington, DC  )
      Defendant  )
     )

**COMPLAINT**

Plaintiff Bernadette S. Billy-Lera (hereinafter "Billy-Lera") sues John W. Snow, Secretary of the United States Department of the Treasury (hereinafter "agency") for discrimination in the form of retaliation, harassment and a hostile work environment that is forbidden by Title VII of the Civil Rights Act of 1964. The essence of Billy-Lera's case is retaliation, reprisal, and a hostile work environment that was visited upon her in the wake of earlier EEO activity. Specifically, this suit is an appeal of the administrative decision of the agency that is appended hereto as Exhibit A. The Investigative File that was assembled by the EEO investigator, which is hereby incorporated by reference to this pleading, demonstrates that

1

Billy-Lera's immediate supervisor created a hostile work environment for Billy-Lera and deliberately sabotage her career.

## THE PARTIES

(1.) Plaintiff Bernadette Billy-Lera is a Revenue Agent, GS-13, with the Internal Revenue Service, which is a component part of the agency. She resides at 15910 Elf Stone Ct., Bowie, Maryland 20716.

(2.) The defendant is the Secretary of the United States Treasury Department, which is located at Pennsylvania Avenue and 15th Street, NW, Washington, DC. Mr. Snow is sued in his official capacity only.

## JURISDICTION

(3.) Jurisdiction is founded under Title VII of the Civil Rights Act of 1964.

(4.) This matter is ripe for judicial review because the agency had formally adopted the recommended decision of the administrative judge who ruled in favor of the agency's motion for summary judgment.

(5.) This matter was filed less than 90 days from the date that the agency served its administrative decision upon Billy-Lera

## BACKGROUND

(6.) In the aftermath of filing an EEO complaint on June 21, 2001, Billy-Lera was abruptly subjected to unannounced reviews of her work by her manager Evelyn Stephens ("Stephens")

that were conducted in contravention of the agreement with the agency's union. All of the incidents described in the subsequent paragraphs occurred after June 21, 2002.

(7.) Restrictions were placed by Stephens on Billy-Lera's ability to perform the overseas auditing functions of her job that were not placed on other similarly situated employees.

(8.) Stephens deliberately avoided assigning cases to Billy-Lera that require international travel, thus depriving Billy-Lera of the opportunity to do work that is precatory to internal agency advancement.

(9.) Stephens maligned Billy-Lera by falsely stating that Billy-Lera has a "larger than usual" number of "over age" cases in her inventory. Ms. Billy-Lera has suffered discrimination at the hands of Stephens that has resulted in an appearance of poor work performance that tarnishes her reputation (due to Stephens' deliberate failure to upgrade the agency work-report database) and reviews that spoil any future chance for her professional advancement in the agency.

(10.) Stephens wrote memoranda to Billy-Lera that harped on petty and or non-existent issues.

(11.) On several occasions Stephens stood directly over Billy-Lera's desk in an intimidating manner while Billy-Lera was working.

(12.) Stephens interrupted Billy Lera's work frequently and Stephens exhibited overt and hostile public behavior toward Billy-Lera.

(13.) Stephens contacted Billy-Lera at home while she was on leave and during non-working hours.

(14.) Stephens delayed approving Billy-Lera's travel advances on numerous occasions and has denied Billy-Lera usual travel benefits that are accorded to other agency employees and thus erected roadblocks to Billy-Lera's attempts to prepare for official travel.

(15.) Stephens failed to assign Billy-Lera cases of a complexity that are consistent with her grade level, thus depriving her of an opportunity to do grade appropriate work.

(16.) Stephens denied Billy-Lera the opportunity to act as a manager, thus depriving her of the opportunity to satisfy criteria for promotion in the agency.

(17.) Stephens forced Billy-Lera to work a case that had never been assigned to her in January 2002, in direct violation of the agency's union agreement with the National Treasury Employees Union, thus taking her away from work that would be credited to her in her performance review.

(18.) Stephens refused to grant Billy-Lera administrative leave to speak with an Employee Assistance Program (EAP) counselor in March 2002.

(19.) Stephens gave Billy-Lera a late and unfair annual appraisal on April 30, 2002, covering the rating period February 2001 through January 31, 2002.

(20.) Stephens gave Billy-Lera an unfair mid-year evaluation in August 2002.

(21.) Stephens, in August 2002, restricted the amount of time that Billy-Lera was allowed to review her Employee Performance Folder (EPF) and Stephens placed items in the EPF that were never discussed with Billy-Lera, contrary to agency policy.

## CLAIMS AGAINST DEFENDANT

### Count I

### Wrongful Discrimination

Paragraphs 1-21 are incorporated by reference as though fully set forth herein.

(22.) Billy-Lera's principal claim for damages is back pay in the amount of $25,000, an amount that represents the difference in pay between a GS-13 and a GS-14 position, that Billy-Lera avers

should be calculated as of January 2002, when she should have been promoted to GS-14.

(23.) Billy-Lera also seeks reimbursement of medical expenses in the amount of $8,000 incurred for counseling that was necessitated by the unrelenting and discriminatory pressures at work.

(24.) Billy-Lera seeks reimbursement for 100 hours of annual leave that the Complainant used in EEO-related documentation preparations (approximately $4,000).

(25.) Billy-Lera seeks reimbursement of attorney fees.

### Count II

### Privacy Act Violation

Paragraphs 1-25 are incorporated by reference as though fully set forth herein.

(26.) The agency violated Billy-Lera rights under the federal Privacy Act by disseminating copes of her official personnel folder to persons outside of the agency.

(27.) For such injuries and economic damages proximately resulting from the agency's wrongful conduct the agency is liable to the plaintiff for damages in the amount of $1,000.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bernadette Billy-Lera prays that this Count enter a judgment against the agency that orders Billy-Lera to be promoted to GS-14, for monetary damages and for such other relief as the Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff Billy-Lera demands a trial by jury with respect to each of the claims alleged herein.

Respectfully submitted,

_____
Mark L. Leemon
    DC Bar No. 338-699
11501 Georgia Ave., Suite 307
Wheaton, MD 20902
(301) 946-2112