TD 02-2421T

## DEPARTMENT OF THE TREASURY FINAL ORDER

### In the matter of

### Bernadette S. Billy-Lera v. John W. Snow, Secretary of the Treasury

## AUTHORITY

Under the authority vested in me by the rules and regulations of the Department of the Treasury and the U.S. Equal Employment Opportunity Commission, I am rendering a final order on the complaint of discrimination identified above.

## ADMINISTRATIVE JUDGE'S DECISION

On March 9, 2005, the Department received the Administrative Judge's decision on case number TD 02-2421T (EEOC No. 100-2004-00407X). The Administrative Judge found that the Agency did not retaliate against Complainant (prior EEO activity) or subjected to harassment and/or a hostile work environment when: a) Complainant was subjected to unannounced audits, restricted from traveling on audits to foreign countries and failed to assign her cases requiring international travel; b) Complainant received petty memoranda, her supervisor stood over her shoulder while she was working, interrupted her frequently, exhibiting intimidating behavior, frequently requested she come to her office and contacted her a home during leave and/or non-work hours; c) her supervisor delayed approving her travel advances and denied her travel benefits; d) her supervisor failed to assign her cases consistent with her grade level; e) her supervisor denied her the opportunity to act as manager; f) during January 2002, her supervisor forced her to work a case that had never been assigned to her; g) her supervisor refused to grant her administrative leave to speak with an Employee Assistance Program (EAP) counselor during March 2002; h) her supervisor gave her a late, unfair annual appraisal on April 30, 2002, covering the rating period of February 2001 through January 2002. The rating was not based on prior case reviews or a self-assessment; i) her supervisor gave her an unfair mid-year evaluation with no narrative during August 2002; and j) her supervisor restricted the amount of time she was allowed to review her Employee Performance Folder (EPF) and included memoranda in the file that were never discussed with her.

05 1273

**FILED**

JUN 2 4 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT A

## CONCLUSION

The Department has reviewed the Administrative Judge's findings and conclusions and has determined that it will fully implement the Administrative Judge's finding of no discrimination.

This constitutes the final order of the Department of the Treasury on this complaint.  A copy of the Administrative Judge's decision and the appeal rights are enclosed.

*Mariam G. Harvey*

Mariam G. Harvey
Director
Office of Equal Opportunity and Diversity

*March 23, 2005*

Date

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1801 L Street, N.W.
Suite 100
Washington, DC 20507
(202) 419-0700
TTY (202) 419-0702
FAX (202) 419-0739
1-800-669-4000

| | |
|---|---|
| Bernadette S. Billy-Lera,<br>Complainant,<br><br>v.<br><br>John W. Snow,<br>Secretary,<br>Department of Treasury,<br>Agency. | ) EEOC No.  100-2004-00407X<br>) Agency No. 02-2421T<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Date:    February 24, 2005 |

### ORDER ENTERING JUDGMENT

For the reasons set forth in the enclosed Decision dated February 24, 2005, judgment in the above-captioned matter is hereby entered.  A Notice To The Parties explaining their appeal rights is attached.

This office is also enclosing a copy of the hearing record for the Agency.  This office will hold the report of investigation and the complaint file for 60 days, during which time the Agency may arrange for their retrieval.  If we do not hear from the Agency within 60 days, we will destroy our copy of these materials. The Agency should contact Hearings Clerk Kimberly Byrd at (202) 419-0705 to obtain the investigative record.

It is so ORDERED.

For the Commission:

Kurt C. Hodges
Administrative Judge
Telephone: (202) 419-0710
Facsimile: (202) 419-0701

OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY    2005 MAR 9 I A 8: 25    DEPT. OF THE TREASURY DO RECEIVED

1

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing ORDER & DECISION within five (5) calendar days after the date it was sent *via* first class mail. I certify that on *March 1,* 2005, the foregoing ORDER & DECISION was sent *via* first class mail to the following:

Bernadette S. Billy-Lera
15910 Elf Stone Court
Bowie, MD 20716

Mark L. Leemon
11501 Georgia Ave., Suite 307
Wheaton, MD 20902

Robert M. Mirkov
U.S. Dept. Of The Treasury
Office of Chief Counsel
950 L'Enfant Plaza SW, 2nd Floor
Washington, D.C. 20024-2123

Kimberly Byrd
Hearings Clerk

2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Washington Field Office**

1400 L. Street, N.W., Suite 200
Washington, DC 20005
(202)419-0710
TTY (202) 275-7518
FAX (202) 419-0701

| | |
|---|---|
| Bernadette S. Billy-Lera,<br><br>            Complainant,<br><br>                              v.<br><br>John W. Snow, Secretary<br>U.S. Dept. of Treasury,<br><br>            Agency. | ) EEOC No.  100-2004-00407X<br>) Agency No. TD-02-2421T<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECISION

### 1.    Procedural History

The Complainant filed a formal complaint on September 20, 2002, alleging she was subjected to

harassment/hostile work environment in reprisal for protected activity in violation of Title VII of the 1964 Civil

Rights Act, as amended (hereinafter referred to as "Title VII").  On or around March 10, 2004, an

Acknowledgment & Order was issued by Administrative Judge Laura Khare ordering the parties to initiate and

complete discovery within 70 calendar days from the date of receipt of the Order.  On or around August 11, 2004,

the complaint was reassigned to Administrative Judge Rebecca L. Dickinson.   Judge Dickinson ORDERED the

parties to submit prehearing reports no later than September 17, 2004.

On September 17, 2004, the Agency also filed a Motion For Summary Judgement.  The Complainant's

Opposition was filed on December 9, 2004.  On September 14, 2004, the Agency, through counsel, filed a

Motion For Enlargement Of Time To File Summary Judgement.   After careful consideration of the investigative

report and the parties' submissions, I have determined that it is appropriate to GRANT summary judgement in

favor of the Agency because: 1) the investigative record has been adequately developed; 2) there are no genuine

disputes of material fact or credibility issues to be resolved at a hearing; 3) a decision can be rendered without the

AJ making findings of fact; and 4) the parties have been afforded ample opportunity to engage in and complete

discovery prior to filing their submissions. *See Petty, Jr. v. Department of Defense*, EEOC Appeal No.

01A24206 (July 11, 2003).

    2.    Undisputed Facts

Complainant alleges he was subjected to harassment/hostile work environment in reprisal for filing an

EEO complaint during June 21, 2001. Complainant alleges she was subjected to the following pattern of

behavior between May 2001 and August 2002. [1]

    a)    Complainant was subjected to unannounced audits, restricted from traveling on audits to foreign countries and failed to assign her cases requiring international travel;

    b)    Complainant received petty memoranda, her supervisor stood over her shoulder while she was working, interrupted her frequently, exhibiting intimidating behavior, frequently requested she come to her office and contacted her at home during leave and/or non-work hours;

    c)    Her supervisor delayed approving her travel advances and denied her travel benefits;

    d)    Her supervisor failed to assign her cases consistent with her grade level;

    e)    Her supervisor denied her the opportunity to act as manager;

    f)    During January 2002, her supervisor forced her to work a case that had never been assigned to her;

    g)    Her supervisor refused to grant her administrative leave to speak with an Employee Assistance Program (EAP) counselor during March 2002;

    h)    Her supervisor gave her a late, unfair annual appraisal on April 30, 2002, covering the rating period of February 2001 through January 2002. The rating was not based on prior case reviews or a self-assessment;

    i)    Her supervisor gave her an unfair mid-year evaluation with no narrative during August 2002; and

    j)    Her supervisor restricted the amount of time she was allowed to review her Employee Performance Folder (EPF) and included memoranda in the file that were never discussed with her.

    3.    Summary Judgement

The EEOC's regulations on summary judgment are patterned after Rule 56 of the Federal Rules of Civil

Procedure, which provides that a moving party is entitled to summary judgment if there is no genuine issue as to

---

[1]     For purposes of the analysis, all factual allegations have been construed in a light most favorable to the Complainant.

any material fact and the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. Summary judgment is also appropriate where the party opposing summary judgment fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

In a discrimination case, an employer can obtain summary judgement in one of two ways. It can demonstrate that the plaintiff's proffered evidence fails to establish a *prima facie* case, or in the alternative, the employer can present evidence that demonstrates a legitimate non-discriminatory reason about which the plaintiff does not create a factual dispute. *Mitchell v. Data General Corp.*, 12 F.3rd 1310, 1316 (4th Cir. 1995). Where the employer then comes forward with a legitimate explanation for its actions, the Complainant must produce specific, substantive evidence of pretext in order to avoid summary judgement.

4.      Applicable Law

In deciding harassment cases, courts examine all the circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. The conduct in question must be subjectively perceived as abusive and objectively unreasonable. *See Harris v. Forklift Systems*, 114 S.Ct. 367 (1993); *Jones v. Postmaster General*, EEOC Appeal No. 01940362 (1994)(*holding* that the analysis adopted in sexual harassment cases is applicable to hostile work environment claims based on reprisal)). In several more recent decisions, the Supreme Court has held that Title VII is not a "civility statute" and that the conduct complained of must be extreme to amount to a change in terms and conditions of employment. *See Faragher v. City of Boca Raton*, 524, U.S. 775, 778, 118 S.Ct. 2275, 2284 (1998)(*citing Oncale v. Sundowner Offshore Services*, 523 U.S. 75, 118 S.Ct. 998, 1002 (1998)).

In order to establish a *prima facie* case of harassment based on reprisal, Complainant must demonstrate the following: 1) she participated in statutorily protected activity; 2) the Agency was aware of the protected activity; 3) she was subsequently subjected to harassment and 4) there is a causal connection between her protected activity and the harassment. *Leatherman v. Secretary of Navy,* EEOC Appeal No. 01983615 (2000). In the instant case, the Agency provided legitimate non-discriminatory explanations for each of the ten incidents of harassment raised by the Complainant. In the decision below, I will explore the Agency's explanations and determine whether the Complainant provided specific evidence which created a genuine dispute of material fact or credibility issue regarding the justifications.

      (i)    Audits/Travel Restrictions/Case Assignments

Complainant alleges that her supervisor, Ms. Evelyn Stephens, harassed her by making sudden and impulsive work audits of her inventory on August 15, 2001, March 1, March 15, May 15 and June 4, 2002. Complainant also alleges that Ms. Stephens wrote petty memoranda to her and restricted her travel on foreign audits as reflected in a memorandum dated October 1, 30, 2001, February 22, March 15, June 27, September 18, and October 1, 2002, and two e-mails dated June 11 and 13, 2002. Complainant also alleges that Ms. Stephens failed to assign her cases requiring international travel. (IR, Tab 4, p. 172)

The Agency in its motion does not dispute that the actions occurred. Instead, the Agency argues that the audits conducted by Complainant's supervisor on five occasions during an approximate nine month period do not constitute "objectively unreasonable" behavior. After careful consideration of the parties' submissions, I have determined that Complainant has not alleged facts from which a reasonable fact-finder could infer that the behavior complained of is "objectively unreasonable." Assuming *arguendo* that it is, I have determined that Complainant has not allege facts, which if proven true, reasonably give rise to an inference that she was restricted for traveling to Canada because of retaliation.

Complainant also alleges that Ms. Stephens refused to assign her cases with international implications that required international travel in order to punish her and force her to withdraw her EEO complaint. Ms. Stephens indicated that it was her responsibility to oversee employees' requests for foreign travel to ensure that the benefit of such travel was not outweighed by the cost. Ms. Stephens explained that she disapproved a trip to

Canada that Complainant proposed to take during June 2002 because the benefit to the government did not warrant the costs of travel. Ms. Stephens also explained that Complainant was not under any travel restrictions and that she had never avoided assigning cases to her because they required foreign travel. I find that Ms. Stephens articulated a legitimate non-discriminatory reason for denying Complainant's request to travel to Canada, *i.e.*, the benefits outweighed the costs, and that Complainant did not provide evidence which demonstrated that a genuine dispute of material fact or credibility issue regarding the Agency's justification. Also, other than her conclusory allegation, I find that Complainant did not provide specific evidence which created a genuine dispute of material fact or credibility issue regarding Ms. Stephens' explanation that she did not refrain from assigning Complainant cases that required international travel. Specifically, I find that Complainant did not provide evidence in either her affidavit or Opposition which demonstrated that her requests for international travel were denied even though the benefits from such travel outweighed the costs. Finally, other than her conclusory allegation, I find that Complainant did not provide specific documentary or testimonial evidence which demonstrated that she was not assigned cases requiring international travel.

      (ii)    Petty Memoranda/Stands Over Complainant's Desk/Requests To Appear In Supervisor's Office/Contacted At Home

Complainant alleges that Ms. Stephens issued approximately eleven "petty" memoranda in retaliation for her protected activity and cites to approximately six memoranda that she contends reflects Ms. Stephens' harassment. The Agency argues that memoranda cited by Complainant were issued by the Agency in response to issues raised by Complainant in previously issued memoranda. The Agency also pointed out that memoranda cited by Complainant was also issued because she needed guidance regarding Agency policy that she failed to follow or she was provided information regarding administrative issues such as requests for case files or repayment of travel advances. (IR, Tab 2, pp. 80)   After careful review of the memoranda cited by Complainant, I have determined that they do not contain the kind of offensive language or were written in the kind of hostile tone that a reasonable fact-finder would find "objectively unreasonable." I also find that the Agency's explanations constitute legitimate non-discriminatory reasons for the issuance of the memoranda and that Complainant did not provide specific evidence which demonstrated that a genuine dispute of material fact or credibility issue exists regarding the Agency's justifications. Finally, I do not find that Complainant provided

either direct or circumstantial evidence which reasonably gives rise to an inference that the memoranda was issued in retaliation for her protected activity.

Complainant also alleges that on March 1, 2002, Ms. Stephens hovered over her shoulder and told her she did not appreciate her behavior. She also alleges that Ms. Stephens frequently called her into her office to discuss urgent issues and that she would hang up the telephone before Complainant could inquire about the issues. Complainant also alleges that Ms. Stephens contacted her via telephone while she was off duty on April 2, May 9, June 27, and on several occasions during December 2002. Complainant alleges that on one of the occasions, Ms. Stephens contacted her following major surgery which caused her to suffer a relapse.

However, both the investigative report and Complainant's Opposition are devoid of specific information which describes the behavior that Ms. Stephens exhibited during the abovementioned communications that were "objectively unreasonable." Specifically, Complainant did not allege facts, which if proven true, demonstrate that she was subjected to obscene or offensive language during the communications. Assuming *arguendo* that Complainant is alleging that the phone contacts themselves constituted harassment since they were made during her off duty hours, I find that she has not alleged facts which demonstrate a causal connection between her prior EEO activity and the calls.

Ms. Stephens indicated that her managerial duties require that she communicate with her subordinates and that she customarily used the telephone or e-mail to communicate with employees who are working away from home. She also indicated that she telephoned Complainant no more than she telephoned other subordinates and that she occasionally asked employees to come to her office to answer questions or discuss issues. I find that Complainant did not allege facts, which if true, create a genuine dispute of material fact or credibility issue on this point. The only factual evidence provided by Complainant in support of her retaliation allegation is that Ms. Stephens telephoned her at home and requested that she appear in her office on multiple occasions after she filed her EEO complaint. A reasonable fact-finder could not infer retaliation based on this evidence alone.

(iii)    Delays In Approving Travel Advances/Denial Of Travel Benefits

Complainant alleges that Ms. Stephens procrastinated in approving her travel advances, making it difficult for her to do her job. Complainant also alleges that on March 27, 2002, she submitted a travel advance for travel

to the Far East on April 4, 2002, but the advance was not approved until April 3, 2002. Complainant also alleges that on September 14, 2002, a travel advance was returned for corrections and that two others were returned a month later even though they did not contain errors and that on September 17, 2002, she submitted a travel advance for two field appointments scheduled for September 23, 27, 30, and October 4, 2002, but Ms. Stephens denied the request.

Ms. Stephens indicated that she was on leave on March 28 and April 1, 2002, and that she didn't get around to approving Complainant's travel advance until April 2, 2002, which was within the travel guidelines. I find that Ms. Stephen's absence constitutes a legitimate non-discriminatory reason for the delay and that Complainant did not allege facts which demonstrates that a genuine dispute of material fact or credibility issue exists. In regards to the other two incidents, other than her allegation that they followed the filing of her prior EEO complaint almost a year earlier, I find that Complainant did not allege facts from which a reasonable fact-finder could infer that there was a delay in approving her travel advance or that her advance was denied in reprisal for her protected activity.

Complainant alleges that she was required to take a $56,00.00 dollar cash advance on her personal credit card as a result of Ms. Stephens delay in processing her March 27, 2002, travel advance. Complainant alleges further that Ms. Stephens disallowed the amount although she knew that Complainant had not received the government advance. Ms. Stephens indicated that she consulted with the Agency Travel Office to determine the propriety of Complainant's claim for and she received an e-mail advising that the cash advance was not allowable because it was made on a employee's personal card. I find that Ms. Stephens' explanation constitutes a legitimate non-discriminatory reason for the disallowance of the claim and that Complainant has not alleged facts which create a genuine dispute of material fact or credibility issue regarding the justification. I also find that Complainant has not alleged additional fact from which a reasonable fact finder could infer that Complainant's claim was disallowed in reprisal for prior EEO activity.

(iv)    Fails To Assign Cases Consistent With Grade Level

Complainant also alleges that Ms. Stephens refused to assign her cases with international implications that require international travel in order to punish her and force her to withdraw her EEO complaint. She also alleges

that she refused to assign cases consistent with her grade level and has ensured that only low caliber cases are assigned to her. Complainant specifically alleged that she did not receive any tax shelter cases and that they were all assigned to Grade 11 and 12 level agents who were sent to tax shelter training.

Ms. Stephens indicated that she assigns cases based on the nature of the case, complexity, time demands and the grade level and experience of the individual who will handle it. She also indicated that she determines the grade level of the employee, the number/complexity of cases the employee is currently handling (inventory), the age of the employee's inventory, whether the employee is facing any statutes of limitations for completing their work and the size of the refund claimed. Ms. Stephens indicated that she observed that Complainant's processing of cases tended to be slower and less accurate than the norm in her workgroup and that she had received complaints from taxpayer representatives concerning her handling of their client's cases. She also pointed out that Complainant had a number of "over-age" cases in her inventory. Ms. Stephens indicated that Complainant inventory contained cases appropriate to her grade level. I find that Ms. Stephens has articulated legitimate non-discriminatory reasons for any discrepancies that may have existed between Complainant and her co-workers with respect to case assignments. I also find that Complainant has not alleged facts which create a genuine dispute of material fact or credibility issue regarding the justifications nor has she alleged facts from which a reasonable fact finder could infer that she was assigned less complex cases because of her prior EEO activity.

(v)    Denied The Opportunity To Work As Manager

Complainant also alleges that Ms. Stephens denied her the opportunity to work as a manager despite the fact that she was the senior agent. Complainant alleges that a co-worker with less experience was given the opportunity as well as other agents who were not assigned to her group. Complainant alleges that she told Ms. Stephens she wanted to be an acting manager and she responded that Complainant would have an opportunity. Complainant alleges that her time was made available on the sign in, sign out book for at least three weeks.

Ms. Stephens indicated that she regularly designated an Acting Manager when she planned to be out of the office and that she usually asked other managers to act for her first. If no other manager was available, she consulted the monthly calendars of her employees to determine the availability of any employees who expressed an interest in acting. She also indicated that employees who were absent, traveling or otherwise not scheduled to

be in the office on the day an Acting Manager is needed are not "available" to serve. Ms. Stephens explained that although all other employees in her group complied with her instruction and provided monthly calendars of their activities, Complainant refused to provide her a monthly calendar. Ms. Stephens indicated that Complainant was effectively removed from consideration to be an Acting Manager because she was unaware of her availability. Moreover, Complainant's availability was limited by the fact that the vast majority of her work was done out of the office, either in her home pursuant to flexi-place or in the field conducting audits.

The Agency also offered two additional explanations for Complainant's unavailability. First, Complainant was on extended sick leave for approximately 61 days between November 13, 2001, and January 14, 2002, and was unavailable to work as Acting Manager for the approximate 61 day period. Also, during the relevant time period, Complainant was working on flexi-place on at least seven of the days she identified that Ms. Stephens denied her the opportunity to work as an Acting Manager and was on assignment in Canada on seven additional days. The Agency argues that Complainant was unavailable a total of 75 of the 83 days that Complainant alleges she was denied the opportunity to be Acting Manager in reprisal for her protected activity. I find that the Agency has provided legitimate non-discriminatory reasons for the adverse action and that Complainant has not alleged facts which create a genuine dispute of material fact or credibility issue. I also find that Complainant has not alleged facts from which a reasonable fact-finder could infer that she was denied the opportunity because of her protected activity.

(vi)    Forced To Work A Case Not Assigned To Her

On August 15, 2001, Complainant informed Ms. Stephens that the case needed to be updated to a status code so that it could be included into her inventory. During October 2001, Complainant reminded Ms. Stephens about the problem, but the situation was not rectified. On January 16, 2002, Complainant sent a memorandum to Ms. Stephens alerting her about the on-going problem. The case was returned to her and she was told that it was her responsibility. On February 22, 2002, Ms. Stephens wrote an unfavorable memorandum regarding the case even though the code was not updated. The memorandum was placed in Complainant's Employee Personnel File.

Record evidence demonstrates that Ms. Stephens notified Complainant in an e-mail dated February 1,

2002, that the case in question was currently on Complainant's Form "4502"[2] because she had charged time to the case the last cycle. Ms. Stephens indicated that she did not know assign the case to Complainant and was unaware how it got on her Form 4502. She also indicated that she could not delete cases from the system and that the case must be closed, surveyed or examined in some manner. (IR, p. 409) I find that this documentary evidence constitutes a legitimate non-discriminatory reason why Complainant was required to work on the case and why the memorandum regarding the case in question was issued. I also find that Complainant did not allege facts, which if true, create a genuine dispute of material fact or credibility issue regarding Ms. Stephens' justification. I also find that she did not allege facts from which a reasonable fact finder could infer that the adverse action complained of was taken because in retaliation for her prior EEO activity.

(vii)    Refusal To Grant Administrative Leave

Complainant also alleges that on February 14, 2002, she informed Ms. Stephens that she would be meeting with an EAP counselor and that she told her she would need to take annual or sick leave. Complainant told her that she was entitled to two hours of administrative leave but she disagreed. Complainant alleges that on March 4 and April 2, 2002, Ms. Stephens refused to grant her administrative leave to see an EAP counselor and suggested that she take personal time or sick leave. Complainant took sick leave on both dates. Complainant alleges that she met with Mr. Jack Gregory, the Union President, who emphasized that she was entitled to administrative leave and she was not required to take sick or annual leave. Ms. Stephens indicated that she was unaware of that and reiterated that it was her understanding that the employee had to take either annual or sick leave.

Ms. Stephens had no recollection that Complainant requested administrative leave during March and April 2002. Although there appears to be a genuine dispute of fact regarding this point, I do not find that the fact is material. For purposes of the analysis, I have resolved the dispute regarding the requests for administrative leave in favor of the Complainant. Even assuming that these facts are true, a reasonable fact finder, could not find that the two time incident is sufficiently severe or pervasive to constitute "objectively unreasonable" behavior. Also, Complainant has not alleged facts sufficient to create an inference of retaliation. Other than the fact that the

---

[2]    Form 4502 is a document which lists all cases assigned to revenue agents.

requests were denied approximately nine months following her protected activity, Complainant did not provide factual information from which a reasonable fact finder could infer that the requests were denied in retaliation for her protected activity.

(viii)   Late/Unfair Appraisal

Complainant also alleges that on April 30, 2002, she received an annual rating covering the period February 1, 2001, through January 31, 2002. Complainant alleges that she received a rating of three on the critical elements of employee satisfaction and business results which misrepresented her performance. Complainant also alleges that Ms. Stephens procrastinated in giving her the performance result in spite of her repeated requests to receive the evaluation so that she could explore employment opportunities. Ms. Stephens alleges that she did not receive a workload review during the rating period. Instead, Ms. Stephens asked her to produce two case files and failed to give complainant advance notice.

Ms. Stephens indicated that during February 2002, she sent an e-mail to all employees asking them to provide her with their self-assessment of their performance. Ms. Stephens explained that she considered the employees' self assessments, when preparing their evaluations along with other information available concerning their work. Ms. Stephens explained further that Complainant did not provide a self-assessment. Ms. Stephens indicated that the employee's evaluations, including Complainant's, were based on her review of the employees' work as reflected in a random sampling that crossed her desk.. She explained that she provided the employees with copies of her reviews with instructions and invited the employees to discuss the reviews with her. She indicated that managers are not required to warn employees before reviewing their work.

First, in regards to Complainant's claim that she was "down-graded" on two critical elements, I find that she has not alleged facts which demonstrated that she suffered an adverse action with respect to the terms, conditions or privileges of her employment. It is undisputed that Ms. Stephens gave Complainant a rating of four in all but two of the critical elements and gave her a four out of a possible five score overall. Complainant's overall rating score was not adversely affected by the three ratings she received in the two critical elements. Second, assuming *arguendo* that she suffered an adverse action, Ms. Stephens articulated legitimate non-discriminatory reasons for the action, *i.e.,* that Complainant failed to turn in a self-assessment describing her

accomplishments during the relevant rating period. Complainant did not dispute this fact, and therefore, did not create a triable issue regarding the Agency's explanation for the employment action. Third, other than the fact that her prior EEO activity occurred approximately one year preceding her receipt of the appraisal, Complainant did not allege facts sufficient for a reasonable fact finder to infer that she received the three ratings in reprisal for her protected activity. Finally, in regards to the alleged delay in completing the performance appraisal, Complainant did not allege facts which demonstrated that she suffered an adverse employment action. Complainant's inability to apply for jobs outside of the Agency does not constitute an injury with respect to the terms, conditions or privileges of her Revenue Agent position.

      (xi)    Unfair Mid-Year Review

      Complainant also alleges that during August 2002, she was given an unfair mid-year evaluation because her ratings were decreased and no narratives were attached. Complainant alleges that the evaluation was incomplete and that Ms. Stephens refused to complete it. Ms. Stephens indicated that the mid-year evaluation is not part of the employee's official file, and unlike the annual evaluation, it is not used to determine changes to the employee's pay, or grade, or benefits or job title. She explained that its primary function is to provide the employee with feedback on his/her performance, to alert him/her regarding any deficiencies and to provide an opportunity for the employee to cure the deficiencies prior to the next annual evaluation. Complainant did not allege facts which created a genuine dispute of fact or credibility issue regarding Ms. Stephen's assertion that the mid-year review is not part of an employee's file. Also, Complainant has not demonstrated that she suffered an adverse employment action because she did not allege facts, which if true, demonstrated how the mid-year evaluation adversely affected the terms, conditions or privileges of her Revenue Agent position. Also, Complainant has not alleged facts, other than the fact that she filed an EEO approximately 15 months before she received the mid-year evaluation, from which a reasonable fact-finder could infer that she received the evaluation in reprisal for her protected EEO activity.

      (x)    Restricted Time To Review (EPF)

      Finally, Complainant alleges that her manager restricted the amount of time she could review her Employee Personnel File (EPF). Complainant alleges that on August 20, 2002, she review her EPF and

discovered a memorandum that Ms. Stephens prepared which recommended that she be reprimanded for insubordination. Complainant alleges that Ms. Stephens never discussed the issue with her and that the territory manager eventually rejected Ms. Stephens' recommendation. Complainant alleges further that Ms. Stephens limited her review of the EPF to thirty minutes stating that she had a meeting at 2:00 p.m. Complainant alleges that she attempted to review her EPF further the following day at 2:25 p.m., but Ms. Stephens called her and told her she would be leaving the office again effectively restricting her review to 30 minutes. On August 28, 2002, Complainant reviewed her EPF for forty minutes after which Ms. Stephens told her that time was over and If she wanted more time she could obtain the information from an EEO counselor. Complainant alleges during the review she discovered memoranda in her EPF that were never given to her and some responses to memoranda that she provided were not contained in her file.

Ms. Stephens indicated that on or around June 4, 2002, she requested to see a particular case file because the statute of limitations had been scheduled to expire at the end of the month and she negotiated an extension with the tax payer's representative and she wanted to make a note in the case file activity record. Complainant told her that she would give her the file later that day and Ms. Stephens told her that the notation would only take a moment and that she wanted to take care of the matter now. Complainant responded that she needed to stamp a Form 872 for the file and Ms. Stephens waited for her since it was something that ordinarily would only take a few moments. Complainant later stamped the Form 872 into the file, locked the file cabinet, picked up her water bottle and left her cubicle without providing Ms. Stephens with the file she had requested.

Later that day, Ms. Stephens, along with a union steward, approached Complainant's cubicle and requested the file. Complainant refused to provide her the file and stated, "I do not come to work to be harassed." Ms. Stephens then consulted with a Labor Relations advisor and eventually drafted a Letter of Reprimand admonishing Complainant for her behavior. However, her supervisor, Ms. Jeannie Fisher, informed her that she preferred that the letter not be issued. Ms. Stephens placed the letter in an inside pocket of the folder containing Complainant's EPF. Ms. Stephens indicated that she destroyed the letter in Complainant's presence on August 20, 2002, when she completed the review of her EPF. Ms. Stephens also indicated that Complainant was allowed one hour and 40 minutes to review her EPF over the course of three days.

Construing the factual allegations in a light most favorable to the Complainant, I do not find that the Letter of Reprimand incident described above constitutes harassment. First, it is undisputed that Ms. Stephens destroyed the letter in Complainant's presence on or around August 20, 2002. I do not find that the placement of a Letter of Reprimand, that was never formerly issued, in an employee's EPF for only 2 ½ months constitutes an adverse employment action from which Complainant would be entitled to relief under Title VII. Second, assuming *arguendo* that she has shown that she suffered an adverse employment action, I find that Ms. Stephens articulated a legitimate non-discriminatory reason for issuing the Letter of Reprimand, *i.e.*, the June 4, 2002, file incident and that Complainant did not allege facts which created a genuine dispute of fact or credibility issue regarding her justification. Third, other than the fact that she filed a prior EEO complaint, Complainant did not allege facts from which a reasonable fact finder could infer that the Letter was placed in her EPF in reprisal for her protected activity.

    5.   Conclusion

For the reasons set forth above, I find that Complainant has not alleged facts, which if true, demonstrate a prima facie case of harassment/hostile work environment based on reprisal. Specifically, I find that the alleged incidents, examined in isolation or in concert, are non objectively unreasonable. I further find that Complainant has not alleged facts from which a reasonable fact-finder could infer that she was singled out for the alleged behavior because of her protected activity.

Date: February 24, 2005

Kurt C. Hodges
Administrative Judge

# *NOTICE OF APPEAL RIGHTS*

You have the right to appeal to the Equal Employment Opportunity Commission (EEOC) or to file a civil action in an appropriate United States District Court.

All time periods are given in calendar days. If a time period expires on a Saturday, Sunday or Federal holiday, you may file on the next business day. If an attorney represents you, the time periods begin to run from the date that your attorney receives this decision.

## *FILING AN APPEAL WITH EEOC*

You have the right to appeal this decision to the EEOC within *30 days* of the day you receive this final order. File your appeal by mail addressed to:

DIRECTOR, OFFICE OF FEDERAL OPERATIONS
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**P.O. BOX 19848**
**WASHINGTON, DC 20036**

or by personal delivery or facsimile to (202) 663-7022. At the same time you file an appeal with EEOC, you must also send a copy of your appeal to:

DIRECTOR
OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY
DEPARTMENT OF THE TREASURY
**1750 PENNSYLVANIA AVE., N.W.**
**SUITE 8000, ROOM 8157**
**WASHINGTON, DC 20220**

In your appeal to EEOC, you must state the date and method (for example, by certified mail or hand delivery) by which a copy of the appeal was sent to the Director, Office of Equal Opportunity and Diversity. You should use the attached EEOC Form 573, Notice of Appeal/Petition, to file your appeal. EEOC will dismiss your appeal if you do not file it within the time limits.

The original of any statement or brief in support of your appeal must be filed with EEOC, with a copy to the Director, Office of Equal Opportunity and Diversity, within 30 days of the date you file your appeal.

Page 1 of 2

# NOTICE OF APPEAL RIGHTS

## FILING A CIVIL ACTION

You also have the right to file a civil action in an appropriate United States District Court *within 90 days* after you receive this final order if you do not appeal to EEOC, or *within 90 days* after receipt of the EEOC's final decision on appeal.

You may also file a civil action after *180 days* from the date of filing an appeal with EEOC if there has been no final decision by EEOC.

If your claim is based on age discrimination, you should seek the advice of an attorney if you wish to file a civil action after expiration of the time limits noted above. The courts disagree about when a civil action must be filed and may permit an age discrimination complaint to be filed two years or more from the date of the alleged discrimination.

You must also comply with the following instructions:

(1)  You must name **JOHN W. SNOW, SECRETARY OF THE TREASURY,** as the defendant. Failure to provide his name and official title may result in dismissal of your case.

(2)  If you decide to file a civil action and if you do not have, or cannot afford, the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend the time in which to file a civil action. Both the request and the civil action must be filed within 90 days of the date you receive the agency or EEOC decision.

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### OFFICE OF FEDERAL OPERATIONS

1. Appellant's name ( Last, First, Middle): [Please Print or Type]

2. Home/mailing address:

3. Name and address of attorney or other representative, **if any:**

| 4. Appellant's daytime telephone number (incl. area code): | 5. Representative's telephone number (if applicable): |
|---|---|

6. Has the appellant filed **a formal complaint** with his/her agency?

☐ No          ☐ Yes - indicate the **Agency's** complaint number:_____

7. Name of the agency being charge with discrimination:

8. Location of the duty station or local facility in which the complaint arose:

9. Has a **FINAL DECISION** been issued by the agency, an Arbitrator, FLRA,or MSPB on this complaint?

☐ YES (Indicate the date the appellant RECEIVED it _____, and **ATTACH A COPY.**)

☐ NO

☐ This appeal alleges a breach of a settlement agreement.

10. Has a complaint been filed on this same matter with this Commission, **another** agency, or through any **other** administrative or collective bargaining procedure?

☐ NO          ☐ YES (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate).

11. Has a civil action (lawsuit) been filed in connection with this complaint?

☐ NO          ☐ YES ( ATTACH A COPY OF THE CIVIL ACTION FILED)

| 12. Signature of appellant or appellant's representative | 13. Date: |
|---|---|

**NOTICE:** Before mailing this appeal, be sure to **attach a copy of the the final decision** from which you are appealing, if one has been issued. Any comments or brief in support of the appeal MUST be filed with the Commission AND with the agency within 30 days of the date this appeal is filed. Making a knowingly false statement on this form is punishable by law. See 18 USC § 1001. **PRIVACY ACT STATEMENT ON REVERSE SIDE.**

| **FOR EEOC USE ONLY:** | **OFO DOCKET NUMBER:** |
|---|---|

EEOC FORM 573 REV. 4-92

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, April 1992.

2. **AUTHORITY:** 42 U.S.C. §2000e-16.

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

**Send your appeal to:**

**The Equal Employment Opportunity Commission**
**Office of Federal Operations**
**P.O. Box 19848**
**Washington, D.C.  20036**

# DEPARTMENT OF THE TREASURY

## OFFICE OF EQUAL OPPORTUNITY AND DIVERSITY

### CERTIFICATE OF SERVICE

On this date, I mailed a copy of the final order on the complaint filed by
Bernadette S. Billy-Lera, TD 02-2421T to the persons listed below by the
methods specified. Including a copy of the Administrative Judge's decision, the
Notice of Appeal Rights, the EEOC Form 573, and this Certificate, there are 22
pages.

_____        March 24, 2005
Reginald Shelton, Office Assistant       Date
Department of the Treasury
Office of Equal Employment and Diversity
1750 Pennsylvania Avenue, N.W., Room 8157
Washington, DC  20220
Telephone:  202-622-1160

**Complainant**        **Via First Class and Certified Mail**
Bernadette S. Billy-Lera
15910 Elf Stone Court
Bowie, MD  20716

**Complainant's Representative**        **Via first Class and Certified Mail**
Mark L. Leemon
11501 Georgia Avenue, Suite 307
Wheaton, MD  20902

**Administrative Judge**    **Via First Class Mail**
Kurt C. Hodges, Administrative Judge
EEOC, Washington Field Office
1801 L Street, NW, Suite 100
Washington, DC  20507

**Bureau Counsel**    **Via E-mail**
Robert M. Mirkov, Esq, Office of the Chief Counsel IRS
Byron D. Smalley, Area Counsel, Office of the Chief Counsel IRS

**Bureau EEO Officer**    **Via E-mail**
John M. Robinson, Chief EEO & Diversity, IRS
Roslyn Brown, Acting Deputy Chief EEO & Diversity, IRS

**Treasury Complaint Center    Via E-mail**
James C. Parker, Operations Director, Dallas Treasury Complaint Center
Victoria Bridge, Secretary to the Director, DTCC