UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BERNADETTE S. BILLY-LERA,      )
                                   )
          Plaintiff           )
                                   )
vs.                              )
                                 )    Case No.  1:05CV01273 (JR)
JOHN W. SNOW, Secretary      )
      U.S. Department of the Treasury,  )
                                  )
          Defendant        )

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this reply to Plaintiff's Response to Defendant's Motion

for Summary Judgment ("response").

**A.  The Material Facts Submitted by Defendant Should Be Deemed Admitted.**

Local Rule 7(h) provides:

Each motion for summary judgment shall be accompanied by a statement of
material facts as to which the moving party contends there is no genuine issue,
which shall include references to the parts of the record relied on to support the
statement.  **An opposition to such a motion shall be accompanied by a
separate concise statement of genuine issues setting forth all material facts as
to which it is contended there exist a genuine issue necessary to be litigated,
which shall include references to the parts of the record relied on to support
the statement.  Each such motion and opposition must also contain or be
accompanied by a memorandum of points and authorities required by
sections (a) and (b) of this Rule.**  In determining a motion for summary
judgment, the court may assume that facts identified by the moving party in its
statement of material facts are admitted, unless such a fact is controverted in the
statement of genuine issues filed in opposition to the motion.

(Emphasis added).   "If the party opposing the motion fails to comply with this local rule, then

'the district court is under no obligation to sift through the record' and should instead . . . deem

as admitted the moving party's Rule [7(h)] statement."  *Securities and Exch. Comm'n v. Banner*

*Fund Int'l*, 211 F.3d 602, 616 (D.C. Cir. 2000) (internal citations omitted).

Plaintiff has filed no statement of material facts as to which there is a genuine issue. Her response states that her pleading "is supported. . . by a 35-page sworn statement from plaintiff." Response at p. 1. However, this global reference to plaintiff's affidavit is insufficient to meet the requirement of the rule. Plaintiff also states that her response is "supported by references to the Report of Investigation (ROI) that was compiled by the agency's EEO investigator. . . ." Response at p. 2. However, there is only one citation to the ROI in plaintiff's response. *See* Response at p. 3. In a similar situation the court explained the requirement for the plaintiff's statement of genuine issues of material facts as follows:

> "The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes supports his statement." []
> The opponent then has the opportunity to respond by filing a counterstatement and affidavits showing genuine factual issues. The procedure contemplated by the rule thus isolates the facts that the parties assert are material, distinguishes disputed from undisputed facts, and identifies the pertinent parts of the record. These purposes clearly are not served when one party ... fails in his statement to specify the material facts upon which he relies and merely incorporates entire affidavits and other materials without reference to the particular facts recited therein which support his view that no genuine issues of material fact exist. *Twist*, 854 F.2d at 1424 (*quoting Gardels*, 637 F.2d at 773 (ellipses in original)) Here, there has been absolute non-compliance by the plaintiffs' counsel with this procedure. Moreover, even if the plaintiffs' counsel had proffered documents to the Court which contained facts that would defeat the defendants' summary judgment motion, which she has not, "a district court judge should not be obliged to sift through ⋯ depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." *Id.* at 1425;

*Harrison v. District of Columbia*, 2006 WL 949856, *4-5 (D.D.C.2006)

Therefore, since plaintiff has failed to comply with the rule, defendant's statement of material facts as to which there is no genuine issue should be deemed admitted.

**B.**    **Summary Judgment Should Be Granted in Defendant's Favor.**

In *Celotex*, the Supreme Court explained that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). When the moving party meets this initial obligation, the nonmoving party may not rest on mere allegations, but "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)) (emphasis in original).

The Supreme Court has also stated that some weighing of the evidence is appropriate at the summary judgment stage. Specifically, the Court noted that the "purpose of summary judgment is to 'pierce the pleadings, and to assess the proof in order to see whether there is a need for trial.'" *Id.* (quoting Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e)). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby*, 477 U.S. 242 , 249-50 (1986)(citations omitted). The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

Plaintiff's response has not pointed to specific facts demonstrating that there is a genuine issue for trial. Assessing the evidence at this stage of the proceedings yields the inescapable conclusion that there is a total absence of evidence, aside from Plaintiff's mere allegations, to support Plaintiff's argument that she was the subject of retaliation/reprisal, or hostile work environment.

**C.  Plaintiff Has Conceded Defendant's Arguments**.

It is well settled in this Circuit that when a plaintiff files an opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded."  *Hopkins v. Women's Div., General Bd. Of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (*citing FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997); *see also* Local Rule LCvR 7(b); *Bancouldt v. McNamara*, 227 F.Supp.2d 144, 149 (D.D.C. 2002)("[I]f the opposing party files a responsive memorandum, but fails to address certain arguments made by the moving party, the court may treat those arguments as conceded, even when the result is dismissal of the entire case.") (citations omitted); *Bramwell v. Blakey,* 2006 WL 1442655, *8 (D.D.C.2006)("The FAA contended in its motion for summary judgment that it did provide job training, job coaching, and "single tasked" or "structured" assignments, and that in some instances it offered such services but Ms. Bramwell declined to accept them. Ms. Bramwell did not address this issue in her response to the motion for summary judgment.* * * Thus, the Court treats this issue as conceded");  *Hornbeck Offshore Transp., LLC v. U.S. Coast Guard,* 2006 WL 696053, *23  (D.D.C.2006)(*"While Plaintiff states that it has not waived its appeal with regard to FOIA Exemption 6 in its "Opposition to Defendants' Statement of Material Facts Not in Dispute . . .it fails to address the Agency's specific arguments as to Exemption 6 in its actual Cross-Motion for Summary Judgment and Opposition. Moreover, Plaintiff never explains in any filing why the redaction of the names of junior Coast Guard personnel. . .was improper. Plaintiff never justifies its objection. Accordingly, the Court construes Plaintiff's failure to respond as a concession that the Agency's arguments on this issue are meritorious; as such, the Court grants Defendant's Motion for Summary Judgment with respect to its FOIA Exemption 6 withholdings.");  *Hooker-Robinson v. Rice,*  2006 WL 508343, *3 (D.D.C.

4

2006)("Because the plaintiff only addressed some of the defendant's challenges in her response, the Court will consider those challenges not addressed by the plaintiff in her response as conceded."); *Matta v. Snow*, 2005 WL 3454334, *23 (D.D.C.2005)("Accordingly, the Court shall grant Defendant's Motion for Summary Judgment as it applies to Plaintiff's "participation claim," as Plaintiff has failed to cite to any material fact supporting his allegation and has failed to respond to the arguments made in Defendant's Motion for Summary Judgment").

Plaintiff has failed to respond to the following arguments made in defendant's summary judgment motion:

**Plaintiff has conceded that she failed to timely contact an EEO counselor**.

On pages 11-12 of the summary judgment motion, defendant explained that plaintiff failed to timely contact an EEO counselor concerning the following claims of retaliation.

•     Approval of three September 2001 vouchers in October 2001;

•      Unannounced work reviews March 1 and March 15, 2002;

•     "Petty memos" October 2001, February 22 and March 15, 2002;

•     Standing over her February 26 and March 1, 2002;

•     Contacted at home December 2001 and April 2, 2002;

•     Approval of travel April 3, 2002;

•     Directed to work a case in her inventory in January 2002;

•     Denied administrative leave March 4 and April 2, 2002.

Plaintiff's response has presented no argument nor evidence in opposition. Therefore, plaintiff has conceded that she has failed to exhaust administrative remedies as to those alleged acts of retaliation. Therefore, any claim of retaliation arising from those acts should be

dismissed.

**Plaintiff has not addressed Defendant's arguments concerning hostile work environment**.

At pages 35-39 of the summary judgment motion (SJM), defendant argued that plaintiff failed to establish her claim of hostile work environment.  Other than a brief citation to applicable law, plaintiff does not address any of defendant's arguments.  For example, defendant argued that plaintiff simply alleged acts of retaliation and did not present evidence of ridicule, insult or intimidation.  For example, there was no evidence of ridicule, insult, or intimidation in the content of telephone calls.  She showed nothing abusive or insulting in Ms. Stephens' notes assessing her work, and there was nothing in any of the memoranda complained of that was abusive, intimidating or insulting in tone or content.  SJM at pp.35-37.  Defendant also argued that there was no evidence that the acts were done with discriminatory/retaliatory animus, and no basis for inferring same since plaintiff failed to show jokes,  slurs, or derogatory comments about her protected activity against other supervisors. SJM at pp. 37-39.

Since plaintiff failed to address these arguments, she has conceded them.

**Plaintiff has not rebutted defendant's legitimate non-discriminatory reasons**.

Defendant set forth each of plaintiff's allegations of reprisal and provided its legitimate non-retaliatory reasons for them.  SJM at pp 14-32.   The only response made by plaintiff was the conclusory statement that  "Ms. Stephens is not deserving of credibility."  Response at p. 5.  Plaintiff then proceeds to discuss only one alleged act of reprisal– the placement of a draft letter of reprimand in plaintiff's Employee Personnel file.  However, defendant's legitimate reason for the document being in the file was that it was Ms. Stephens' practice to retain a copy of a document in the front of the binder pending signature or approval.  SJM at p. 31.  Defendant also

argued the lack of materiality of the document being in the folder because "the EPF is solely the manager's file; it is not disclosed to ranking committees for use in making selection decisions." *Id.* Plaintiff's response did not dispute Ms. Stephens' practice nor did she dispute that the EPF is not disclosed to ranking committees for use in making selection decisions.

Except for the placement of a proposed reprimand in her ECF folder, plaintiff has not addressed defendant's specific non-retaliatory reasons for its actions. Therefore, the unaddressed arguments should be deemed to be conceded.

**Plaintiff has conceded that each alleged act of retaliation, except one, was not material to a reasonable employee**.

Defendant's summary judgment motion also explained that each of the alleged acts of retaliation failed to meet the materiality test of *Rochon v. Gonzales,* 438 F.3d 1211, 1219 (D.C. Cir.2006). See SJM at p. 12-32.

Plaintiff's response was**:** "The plaintiff responds that the totality of actions taken against her constitutes harm and loss with respect to a term, condition, or privilege of employment as a result of prohibited discrimination," citing to *Trafficante v. Metropolitan Life Insurance Co.*, 409 U.S. 205 (1972). *Trafficante* deals with standing to sue under the section of the Civil Rights Act of 1968 pertaining to discriminatory housing practices, and appears to have no pertinence to the elements of a substantive claim of employment retaliation.

The law is clear that to establish a claim of retaliation, a plaintiff must meet her burden of showing that each alleged act of retaliation was a "material adverse action." A prima facie case alleging retaliation or reprisal is established when the plaintiff demonstrates: (1) that she engaged in protected behavior, (2) defendant subjected her to a material adverse action, and (3) that a causal connection existed between the protected activity and the materially adverse action.

7

*See E.E.O.C. v. Go Daddy Software,* 2006 WL 1791295, *6 (D.Ariz 2006); *Argo v. Blue Cross and Blue Shield of Kansas, Inc,.* 452 F.3d 1193, 1202 (10th Cir 2006); *Burlington N. & Santa Fe Ry. Co. v. White*, 126 S.Ct. 2405, 2415 ( 2006); *Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985). In defining a materially adverse action, the Supreme Court has ruled that

> a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.' " *Rocho*n, 438 F.3d, at 1219 (*quoting Washington*, 420 F.3d, at 662).

*Burlington,* 126 S.Ct. at 2415.

The only alleged act of reprisal which plaintiff addressed and attempted to demonstrate was material was Ms. Stephen's delay in the processing of plaintiff's travel vouchers in September-October 2001, which allegedly caused her government credit card to be cancelled and allegedly resulted in damage to plaintiff's credit rating. Response at p.4. However, as is indicated above, plaintiff has conceded that she failed to timely contact an EEO counselor concerning this matter. Thus, any claim of retaliation arising from the delay in processing her vouchers should be dismissed.

Additionally, one of the vouchers in question formed the basis of a similar complaint that her previous acting supervisor, Mr. Mosley, had caused her the same harm by not approving her travel voucher. *See* Agency Brief in EEOC No. 100-A2-8013X ("EEO Brief") at p. 2, 9-15 and Mosley affidavit in EEOC No. 100-A-8013X ("Mosley Aff.) at ¶¶5-7. As Mr. Mosley noted: "If some claimed expenses are disputed by the reviewing official, the employee may submit the undisputed items for prompt payment, and request review of the disputed expenses by a higher authority. Rather than simply submitting a voucher which excluded the disputed New

York expenses, obtaining payment, and then appealing my denial of the disputed New York

expenses, Ms. Billy-Lera adamantly refused to correct her travel voucher, and insisted that I

approve payment of <u>all</u> of her claimed expenses."   Mosley Aff. at ¶7.  Since plaintiff did not

submit vouchers for the undisputed items in order to obtain prompt payment of the bulk of her

expenses, she cannot sustain her burden of showing that defendant caused the cancellation of her

credit card resulting in  the alleged damage to her credit.

Since plaintiff has failed, with the exception of her credit rating argument,  to respond to

defendant's argument that each of the alleged acts of reprisal was not "material,"  the issue of

lack of materiality should be deemed to be conceded as those allegations were not addressed by

plaintiff.

**D.  Plaintiff's Arguments re Unsupported and Unexhausted Claims**.

Plaintiff's response also appears to argue that she suffered a material employment action

when "her completed cases were deliberately given an open status on agency computer files;"

"her departure rating unfairly disadvantaged her with regard to competing candidates for agency

promotions;" and when Mr. Mosley delayed her travel vouchers. Response at p. 6.

Plaintiff offers no record citations for these alleged acts. Plaintiff did not allege such acts

of reprisal in her complaint.  Defendant is unable to find these matters as alleged acts of reprisal

in the EEO decision that plaintiff states is being appealed in her complaint.  *See* attachment to

the complaint.  Defendant also has not found these acts as allegations of reprisal in the ROI.  *See*

*e.g.*  SJM-ROI at pp. 170-190[1].

---

[1]  "SJM-" indicates that the document was an exhibit filed with defendant's summary judgment
motion.

The complaint and the EEO decision attached thereto reflect that it is the acts of Ms. Stephens, and not those of Mr. Mosley, which were the subject of the underlying EEO complaint in this matter. (The departure rating was done by Mr. Mosley. See SJM-Stephens Aff. ¶ 52 and Mosley Aff. at ¶¶8-10).

Indeed, the allegations concerning the departure rating and Mr. Mosley's delay in approving her travel voucher were the subject of a separate EEO action. *See* Mirkov Dec. at ¶ 2; 2004 EEO Decision in EEOC No. 100-2002-8013 ("March 8, 2004 EEO Decision ") at pp. 1-2 retaliation items 1-2; EEO Brief at pp.9-15(vouchers) and 15-17 (departure rating) and Mosley Aff. at ¶¶5-10. Plaintiff was notified of her right to appeal the decision. March 8, 2004 EEOC Decision at pp.3-4. However, plaintiff failed to appeal that decision. Mirkov Declaration at ¶¶ 5-6. Since plaintiff failed to exhaust her administrative remedies, any claim of retaliation based on those acts should be dismissed.

Similarly the last paragraph on page 6 of plaintiff's response purporting to show causation for her retaliation claim by alluding to Mr. Mosley's delay in approving plaintiff's vouchers must fail because plaintiff failed to exhaust her administrative remedies as to her allegations against Mr. Mosely. Mirkov Dec. at ¶¶ 5-6.

Plaintiff also appears to attempt to otherwise show discrimination/retaliation by referring to similarly situated employees. Response at p. 6. The first group allegedly are agents not given a workload review by Mr. Mosley. The workload review by Mr. Mosely also is not a part of the EEO complaint and decision underlying this case. The issue of Mr. Mosley's workload review was involved in EEOC No. 100-2002-8013X. See Mirkov Dec. at ¶2; EEO Brief at p. 8-9; Mosley Aff. at ¶¶3-4 and March 8, 2004 EEO Decision at p. 1, item numbered 5. As was noted

above, that decision was not appealed;  therefore plaintiff did not exhaust her administrative remedies as to the workload allegation.

The second group of alleged comparators are allegedly agents who did not have delays in approval of their travel vouchers.  In order to demonstrate that an employee is similarly situated, a plaintiff is required to demonstrate that all relevant aspects of her employment situation are nearly "identical."  *Neuren v. Adduci, Mastriani, Meeks & Schill*, 43 F.3d 1507, 1514 (D.C. Cir. 1995)(citations omitted); *Mungin v. Katten Muchin & Zavis*, 116 F.3d 1549, 1554 (D.C. Cir 1997)(citations omitted).

Plaintiff offers no record citation to any evidence of who any of the agents in the two groups allegedly were and no evidence or record citation to show that all relevant aspects of their situation were identical to plaintiff's.  With respect to the vouchers, for example, plaintiff has offered no evidence that vouchers of other agents raised questions concerning flying out of New York,  staying with relatives, etc.

**E. Conclusion**.

In addition to failing to respond to the specific arguments of defendant discussed above, Plaintiff has failed to meet her burden of submitting evidence of other circumstances giving rise to an inference of retaliation or hostile work environment.  Plaintiff  has not met her burden of persuasion as to any of her claims,  nor has she provided a valid reason for denying defendant's dispositive motion.  Accordingly, based on the record and the undisputed material facts,

summary judgment should be granted to the defendant.

Respectfully submitted,

_____

KENNETH L. WAINSTEIN D.C. Bar # 451058
United States Attorney


_____

 RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney


_____

RHONDA C. FIELDS
Assistant United States Attorney
555 4th St., N.W..
Washington, D.C. 20530
202/514-6970

.

12

13