EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
WASHINGTON FIELD OFFICE
1400 L Street, N.W., Suite 200
Washington, D.C. 20005

| | |
|---|---|
| Bernadette S. Billy-Lera, ) | |
| Complainant, ) | EEOC No. 100-2002-8013X |
| v. ) | |
| Paul H. O'Neill, Secretary, ) | Agency No. 01-1139 |
| U.S. Department of Treasury, ) | |
| Agency. ) | |

## DECISION

The Complainant filed a formal complaint on April 27, 2001, alleging discrimination in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 29 U.S.C. §2000e *et seq*. The Complainant alleges that she was harassed on the bases of her race (African American), sex (female), and National Origin (West Indian) when:

1. Management, over an extended period of time, denied complainant the opportunity to act in a managerial position;

2. From October to December 2000, management interfered with Complainant's audit procedures;

3. In December 2000, Complainant had to complete weekly ATAO reports instead of monthly;

4. On December 21, 2000, management insisted on conducting case reviews in her home; and

5. On February 6, 2001, she received a numerical rating for the workload management portion of her workload survey, and the score did not accurately reflect the work she performed.

She also alleges she was subjected to retaliation (February 6, 2001, EEO counseling) when:

1. Beginning in February 2001, management delayed approving her travel

vouchers, which resulted in the suspension of her government issued credit card; and

2. On October 10, 2001, management lowered her departure rating.

The Agency filed a motion for summary judgment March 3, 2003. Complainant responded on April 1, 2003. The Agency filed its response brief on April 9, 2003. The EEOC's regulations on summary judgment are patterned after Rule 56 of the Federal Rules of Civil Procedure, which provides that a moving party is entitled to summary judgment if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable fact finder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50. Summary judgment is also appropriate where the party opposing summary judgment fails to establish a genuine issue of fact on an element essential to that party's case and on which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).[1] I find that the Agency's motion and response accurately state the undisputed facts and correctly applies the relevant law.

Complainant presented no evidence creating a genuine issue of material fact or credibility. Therefore, the Agency is entitled to summary judgment pursuant to 29 C.F.R. § 1614.109 (2003).

March 8, 2004

Laura Khare
Administrative Judge

## NOTICE TO THE PARTIES

*TO THE AGENCY:*

This office will hold the report of investigation and the complaint file for sixty days, during which time the agency may arrange for their retrieval. If we do not hear from the agency

---

[1] The party opposing summary judgment may not rest on mere allegations or denials to defeat a motion for summary judgment, but must offer specific facts indicating the presence of a genuine issue of material fact. Fed. R. Civ. P. 56(e). *See Anderson*, 477 U.S. at 256, *Aka v. Wash. Hosp. Center*, 156 F.3d 1284, 1290 (D.C. Cir. 1998) (en banc) (fact finder must assess all evidence in its full context to decide whether summary judgment is appropriate).

2

05-08-2004  03:15pm  From-U.S. EEOC, MEO                +2022750076           T-129  P.003/005  F-465

within sixty days, we will destroy our copy of these materials.

Within forty (40) days of receiving this decision and the hearing record, you are required to issue a final order notifying the complainant whether or not you will fully implement this decision. You should also send a copy of your final order to the Administrative Judge.

Your final order must contain a notice of the complainant's right to appeal to the Office of Federal Operations, the right to file a civil action in a federal district court, the name of the proper defendant in any such lawsuit, the right to request the appointment of counsel and waiver of court costs or fees, and the applicable time limits for such appeal or lawsuit. A copy of EEOC Form 573 (Notice of Appeal/Petition) must be attached to your final order.

If your final order does not fully implement this decision, you must simultaneously file an appeal with the Office of Federal Operations in accordance with 29 C.F.R. 1614.403, and append a copy of your appeal to your final order. *See* EEOC Management Directive 110, November 9, 1999, Appendix O. You must also comply with the Interim Relief regulation set forth at 29 C.F.R. § 1614.505.

### TO THE COMPLAINANT:

You may file an appeal with the Commission's Office of Federal Operations when you receive a final order from the agency informing you whether the agency will or will not fully implement this decision. 29 C.F.R. § 1614.110(a). From the time you receive the agency's final order, you will have thirty (30) days to file an appeal. If the agency fails to issue a final order, you have the right to file your own appeal any time after the conclusion of the agency's (40) day period for issuing a final order. *See* EEO MD-110, 9-3. In either case, please attach a copy of this decision with your appeal.

Do not send your appeal to the Administrative Judge. Your appeal must be filed with the Office of Federal Operations at the address set forth below, and you must send a copy of your appeal to the agency at the same time that you file it with the Office of Federal Operations. In or attached to your appeal to the Office of Federal Operations, you must certify the date and method by which you sent a copy of your appeal to the agency.

### WHERE TO FILE AN APPEAL:

All appeals to the Commission must be filed by mail, hand delivery or facsimile.

#### BY MAIL:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 19848

3

Washington, D.C. 20036

BY PERSONAL DELIVERY:

Director, Office of Federal Operations
Equal Employment Opportunity Commission
1801 L Street, NW
Washington, D.C. 20507

BY FACSIMILE:

Number: (202) 663-7022
*Facsimile transmissions of more than ten (10) pages will not be accepted.*

## COMPLIANCE WITH AN AGENCY FINAL ACTION

Pursuant to 29 C.F.R. § 1614.504, an agency's final action that has not been the subject of an appeal to the Commission or a civil action is binding on the agency. If the complainant believes that the agency has failed to comply with the terms of this decision, the complainant shall notify the agency's EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant knew or should have known of the alleged noncompliance. The agency shall resolve the matter and respond to the complainant in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination of whether the agency has complied with the terms of its final action. The complainant may file such an appeal 35 days after serving the agency with the allegations of non-compliance, but must file an appeal within 30 days of receiving the agency's determination. A copy of the appeal must be served on the agency, and the agency may submit a response to the Commission within 30 days of receiving the notice of appeal.

## CERTIFICATE OF SERVICE

I certify that on March 8, 2004, the foregoing decision was sent to the following:

Mark L. Leemon, Esq. 301.933.7069

Robert Mirkov, Esq. 202.283.7978

Mariam Harvey, Acting, Director
Office of Equal Opportunity Programs
Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Metropolitan Square, Room 6037
Washington, D.C. 20220

Laura Khare