United States District Court
For the District of Columbia

| | |
|---|---|
| BERNADETTE S. BILLY-LERA | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) Case No. 1:05CV01273 (JR) |
| JOHN W. SNOW, Secretary U.S. Department of the Treasury | ) ) ) ) |
| Defendant | ) |

### Declaration of Robert M. Mirkov

ROBERT M. MIRKOV, being first duly sworn upon his oath, and under penalties for perjury, states as follows:

1. That my name is Robert Michael Mirkov. I am an attorney employed with the Office of Chief Counsel – Internal Revenue Service and have been so employed since September 2002. My office is located at 950 L'Enfant Plaza, SW – 2nd Floor, Washington, DC. I am an adult of competent age, I have personal knowledge of the facts set forth in this Declaration, and the facts herein set forth are true.

2. That I was the attorney who represented the Agency in the matter of a discrimination claim entitled: Bernadette S. Billy-Lera v. John W. Snow, Secretary U.S Department of the Treasury, EEOC No. 100-A2-8013X / Agency No. 01-1139. The EEO number is also sometimes reflected as EEOC No. 100-2002-8013X. Ms. Billy-Lera's Complaint in that action alleged, *inter alia,* that beginning in February 2001, management (*i.e.* Robert Mosley and Evelyn Stephens) retaliated against her because she sought EEO counseling by delaying approval of her

travel vouchers, thereby causing the suspension of her government credit card. The complaint also alleged retaliation because management (i.e. Robert Mosley) gave her a low departure rating on October 10, 2001. That complaint also alleged harassment on the bases of race and national origin based on a workload review done on February 6, 2001 by Robert Mosley.

3. Ms. Billy-Lera requested that the above case be heard by an EEOC Administrative Judge, and Administrative Judge Laura Khare was assigned to the case.

4. On or about March 3, 2003, the Agency filed a Motion for Summary Judgment upon Ms. Billy-Lera's Complaint, including the above referenced claims of retaliation and harassment. Administrative Judge Khare granted the Agency's Motion on March 8, 2004. On April 2, 2004, the Agency issued a Final Agency Decision (FAD) adopting and implementing A/J Khare's decision.

5. When complainants appeal Final Agency Decisions adopting and implementing the decisions of EEO Administrative Judge's to the Office of Federal Operations, it is the practice of our office to assign that appeal to the same attorney who was responsible for the case when it was before the Administrative Judge. Likewise, the same attorney who litigated the case at the administrative level is assigned to provide litigation support to the Assistant U.S. Attorney if the Complainant exercises her remedy of filing suit on the complaint in federal district court. I was never notified that Ms. Billy-Lera appealed the above FAD to the Office of Federal Operations, or that she filed suit on her complaint in federal district court, and I was never assigned any appeal or litigation support responsibilities with respect to Ms. Billy-Lera's above-referenced complaint.

6. On August 10, 2006, I consulted the Case-MIS computer data base of cases maintained by the Office of Chief Counsel. If Ms. Billy-Lera had filed an appeal of the Agency FAD in the above-referenced case, or filed suit on said FAD in U.S. district court, that fact would be reflected in the Case-MIS record. The Case-MIS record does not reflect the filing of any appeal or law suit with respect to the Agency FAD.

*And Further Affiant Saith Not*

Verification

I affirm under the penalties for perjury that the above and foregoing representations are true and correct to the best of my knowledge, information and belief.

Dated: 08-10-06

_____
Robert M. Mirkov, *Affiant*