UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bernadette S. Billy-Lera,<br>  Plaintiff<br><br>      vs.<br><br>John W. Snow, Secretary<br>US Department of the Treasury,<br>  Defendant | CA No. 05-1273 (JR) |

### Supplement to Plaintiff Bernadette Billy-Lera's Response
### to the Defendant's Motion for Summary Judgement

    The Plaintiff, Bernadette Billy-Lera, through counsel, hereby submits this Supplement to her Response in opposition to the Defendant's Motion for Summary Judgment.

    Among other things, the Defendant contends that his list of Material Facts appended to his Summary Judgement Motion should be "deemed admitted" by this court because the Plaintiff failed to submit a separate statement of material facts in her Response to Defendant's Motion.

    The Defendant's contention should be denied because the Plaintiff did, in fact, submitted a "statement of genuine issues setting forth all material facts as to which it is contented there exist a genuine issue necessary to be litigated ...". Local Rule 7(h). These "genuine issues" were articulated with particularity in the Plaintiff's 35-page affidavit that

accompanies her response to Defendant's Motion for Summary Judgment. Ms. Billy-Lera's averments are carefully cross-referenced to the Defendant's affidavit from Ms. Billy-Lera's supervisor, Evelyn Stephens, the alleged discriminatory official in this case. Moreover the Plaintiff makes a synopsis of her complaint in the first page of her affidavit. Ms. Billy-Lera also makes references to the agency's official Report of Investigation. Ms. Billy Lera's affidavit is not "concise," however, and she accordingly submits her list of Uncontested Material Facts *infra*.

The Plaintiff believes that it is necessary to ask this court to read her affidavit in its entirety, side by side with the affidavit of Ms. Stephens. Nothing short of this task will give Ms. Billy-Lera her "day in court." In any event, however, such a comparative reading is not a request to "sift through the record." *SEC v. Banner Fund International*, 211 F.3d 602, 616 (D.C. Cir. 2000). Instead, it is the fairest way to answer the pivotal issue that was raised by the court during the informal meeting with counsel last January: i.e., whether the totality of harms alleged by the Plaintiff rise to the level of being cognizable as a case under Title VII.

**Timely Contact Assertions**

Defendant asserts that the Plaintiff failed to timely contact an EEO counselor concerning the following claims of retaliation. The Plaintiff's responses are in italics following each numbered item.

> (1) Approval of three September 2001 vouchers in October 2001
> *Ms. Billy-Lera's reference to these three vouchers in her formal complaint was intended to be historical examples of the retaliatory behavior of Ms. Stephens. She concedes that they are not timely.*
>
> (2) Unannounced work reviews March 1 and March 15, 2002

>Ms. Billy-Lera's formal complaint responded to the investigator's request for a time line of retaliation.  Ms. Billy-Lera's first contact with the EEO process is this matter was May 1, 2002.  Therefore, the Plaintiff's reference to the March 15, 2002 unannounced work load review is timely.

(3) "Petty memos" October 2001, February 22 and March 15, 2002
>Ms. Billy-Lera's formal complaint responded to the investigator's request for a time line of retaliation.  Her first contact with the EEO process in this matter was May 1, 2002.  Therefore, the Plaintiff's reference to a March 15, 2002 memorandum is timely.

(4) Standing over the Plaintiff's desk February 26 and March 2, 2002
>This intimidating behavior continues to this day.

(5) Contacting the Plaintiff at home December 2001 and April 2, 2002
>Ms. Stephens made repeated inappropriate contacts to the Plaintiff's home despite objections raised by Ms. Billy-Lera.  The April 2, 2002 incident is timely.

(6) Approval of travel April 3, 2002
>The April 3, 2002 incident is timely.

(7) Directed to work an unassigned case in her inventory in January 2002
>The memorandum written by Ms. Stephens concerning this case and criticizing Ms. Billy-Lera is still in the Plaintiff's employee personnel folder.  It is therefore timely.

(8) Denied administrative leave March 4 and April 2, 2002
>The April 2, 2002 date is timely.

In a letter dated October 11, 2002, the Department of Treasury's Treasury Complaint Center in Oakland, California approved ten issues for investigation.  The same ten issues were investigated by EEO investigator Nancy Dunford.  Some of these issues involve a continuum of retaliatory behavior of the part of Ms. Stephens vis-a-vis Ms. Billy-Lera.  The series of events that resulted in the suspension of Ms. Billy-Lera's government credit card, for example, began with actions on the part of acting manager Robert Mosley but culminated with

Ms. Stephens' passive allowance of events that led to the credit card suspension.

**Plaintiff's Statement of Material Facts**

The Plaintiff agrees that Item 1 through 10 of Defendant's Statement of Material Facts are fairly stated and she hereby incorporates them into her list of Material Facts.

(11) The Plaintiff vehemently disagrees with the slanderous insinuation in Defendant's Item 11 taken from Ms. Stephens statement that one of the Plaintiff's cases "had been assigned 1,114 days; 9 tax years were over 500-873 days old, and 4 were 200 days old." What Ms. Stephens conveniently leaves out of her narrative is that these "old" cases had been previously assigned to an agent who retired and whose work was then reassigned to Ms. Billy-Lera. The case that was in IRS review for 1,114 days was assigned to Ms. Billy-Lera in June 2001. See Billy-Lera Response to Summary Judgment, Affidavit at Paragraphs 16 and 17.

(12) The agency's EEO counselor first responded to Ms. Billy-Lera's call to the agency's 800 number (in reference to Ms. Billy-Lera's claims of retaliation) on May 20, 2002. Ms. Billy-Lera's call to the 800 number was on May 1, 2002.

For the foregoing reasons, the agency motion for summary judgment should be denied. Respectfully submitted,

_____
Mark L. Leemon
11501 Georgia Ave., Suite 307
Wheaton, MD 20902
(301) 946-2112
DC Bar No. 338-699